Johnston v. Beeney.

---

JAMES JOHNSTON

v.

RICHARD T. BEENEY.

1. FRAUDULENT REPRESENTATIONS—EVIDENCE OF FORMER STATEMENTS.—In an action against one for fraudulent representations in the sale of land, evidence that the defendant made similar representations to other parties the previous year in reference to the same land, is not admissible. To make such statements competent as showing the *quo animo* of the defendant, they must have been made near the time of the transaction in question, and must appear to be a part of a general scheme to defraud.

2. MEASURE OF DAMAGES.—In this action, when the plaintiff retains the title of the land, and does not offer to rescind the contract, the measure of damages is the difference between the value of the land purchased, as it was

at the time, and what it would have been worth at the time if it had been as represented by the vendor.

APPEAL from the Circuit Court of McLean county; the Hon. OWEN T. REEVES, Judge, presiding. Opinion filed January 30, 1880.

Mr. O. W. ALDRICH, for appellant; that evidence of statements made at another time are inadmissible, cited, Simpkins Berggren, 2 Bradwell, 101; Whitmore v. Hatterson, 6 Weekly Jur. 419; Murfey v. Brace, 23 Barb. 561; Blake v. Albion Life Ins. Co. 19 Alb. Law Jour. 453; Kost v. Bender, 25 Mich. 515; Holmesly v. Hogue, 2 Jones, 391.

Messrs. STEVENSON & EWING and Mr. HAMILTON SPENCER, for appellee; that the admission of such evidence, even if erroneous, worked no harm to appellant and is no ground for a reversal, cited N. Y. C. & H. R. R. Co. v. Fraloff, 12 Chicago Legal News, 81.

The testimony was competent: Blake v. Albion, Life Ins. Co. 19 Alb. Law Jour. 453.

HIGBEE, J.   This was an action upon the case, brought by Beeney against Johnston for fraudulent representations alleged to have been made by the latter in regard to certain lands in Kansas exchanged by him to Beeney for land in Illinois.

The declaration alleges that Johnston falsely and fraudulently represented that the Kansas land was good land; that from ninety to one hundred acres was good bottom land; that the balance was nice table land; that there was on the land a peach orchard of one hundred good bearing trees, and a grove of forty-nine maple trees; that twenty-four acres of the land had been in cultivation, and had a post and rail fence around it, and a house on it in which the lumber had cost one hundred dollars, and that the taxes had been paid.  That these representations were false, and known to be so by Johnston, and that Beeney, relying upon them, was induced to make the exchange; that the Kansas land was valued at sixteen hundred

dollars, and the Illinois land exchanged therefor at two thousand dollars; Johnston assumed the payment of a mortgage on the Illinois land of eight hundred dollars, and Beeney gave his notes for four hundred dollars.

The parties exchanged deeds, and each still retains the title so conveyed. The general issue was pleaded by Johnston, a trial had before a jury, resulting in a verdict for Beeney for $800, a motion for a new trial overruled, and judgment upon the verdict.

Appellant brings the case here, and assigns for error the rulings of the court below.

On the trial appellee testified to the representations of appellant in reference to the Kansas land, and then called one Henry Willaby, who was permitted to testify, against the objections of appellant, that Johnston had made similar representations to him about one year before. The representations were partly denied by Johnston, as a witness in his own behalf, and a conflict thereby created as to what was said by Johnston at the time of the trade.

The evidence of Willaby seems to have been admitted for the purpose of corroborating appellee as to the representations made at the time of the trade, and thereby to give a preponderance of the evidence in his favor. This evidence we think inadmissible for such a purpose.

If appellant made false representations to Willaby in 1876, in reference to his Kansas land, it does not follow that he made the same representations to appellee in 1877.

In the case of Simpkins v. Berggren, 2 Bradwell, 101, the good faith of a party in giving a chattel mortgage was in issue, and evidence was offered tending to show that the mortgagor had on a previous occasion made a mortgage to another person, which was fraudulent. This evidence was held inadmissible, and that evidence of a previous fraudulent conveyance did not tend to prove the conveyance in question fraudulent.

In the case of Whitemore v. Patterson, 6 Weekly Jurist, 419, it was held that evidence that a party made false representations to other parties, is not competent to prove that he made them to the plaintiff.

In Murfey v. Brace, 23 Barbour, 561, it was held that false representations made by a person about purchasing goods, will not prove or tend to prove that he made similar representations to another firm of whom he purchased.

This evidence does not tend to prove the fact that the representations testified to by appellee were made to him by appellant. Nor do we think it was proper as tending to show that appellee knew the statements made to be false. It does not follow that he knew they were false, because he had told the same story to other persons. To be admissible for the purpose of showing the *quo animo*, representations must be made near the time of the transaction in question, and must appear to be part of a general scheme to defraud. Albany Law Journal, Aug. 2, p. 96.

We also think the evidence in this case fails to sustain the verdict. In an action for fraudulent representations in the sale or exchange of land, when the plaintiff retains the title and does not offer to rescind the contract, the measure of damages is the difference between the land purchased as it was at the time, and what it would have been worth at the time, if it had been as represented by the vendor, to which may be added interest on this difference.

There is no evidence in this record tending to show the difference in the value of the land as represented and as it really was at the time of the conveyance.

Several witnesses gave their opinion as to the value of the land at the time or soon after the trade, and it is probable the jury arrived at their verdict by deducting the value of the land from the purchase price.

When the vendor has made his representations good he has done all the law requires of him, and this the vendee is entitled to, although the land as he got it may have been worth more than the whole price paid for it.

We also think the court erred in permitting the witness Dunseth to give his opinion of the value of the land. He admits that he had no knowledge of the value of land in the neighborhood, and his opinion ought not to have been received as evidence.

For these errors the judgment is reversed and the cause remanded.

Reversed.